MODERN WOODMEN OF AMERICA v. SILVIS.

4-4667

Opinion delivered May 24, 1937.

*Abe Collins, George G. Perrin* and *George H. McDonald,* for appellant.

*Millwee & Goodson,* for appellee.

HUMPHREYS, J. This suit was brought in the circuit court of Sevier county by appellee against appellant to collect on a benefit insurance certificate in the sum of $1,000 issued on February 9, 1924, to Elphard Luther Silvis by appellant in which appellee, Mary Silvis, was named as beneficiary. The insured died on March 3, 1936, at which time the certificate sued upon was in full force and effect and the proof of the death of the insured was duly made.

Appellant interposed the defense to the suit that at the time of his death the insured was engaged in a hazardous occupation, which, under the terms of its by-laws of 1933, which was a part of the insurance policy, voided all rights of the beneficiary to recover in the action.

The court tried the case, sitting as a jury, and rendered a judgment in favor of appellee for the face value of the certificate, with interest, and cost, from which is this appeal.

A by-law of appellant association, adopted in 1933, which became a part of the contract, provided that in case insured should lose his life while engaged in any of the occupations classed as hazardous therein the beneficiary could not recover thereon. The by-law classed as a hazardous occupation a "driller, blaster, or the helper of either, in wells, quarries, tunnels or mines." The evidence reflects without dispute, that on September 11, 1933, the insured began working as a helper for the Nicklos Drilling Company of Houston, Texas, which was drilling oil wells in the state of Louisiana. He continued in such service until March 2, 1936, when he was fatally injured, resulting in his death on the following day. His duties were to assist in running drill pipes, in running the casing in the hole, in repairing machinery and equipment, in moving the rig from location to location, in laying line pipe, in laying down drill pipe, in cleaning rig and in performing general duties under the direction of the driller in charge. He was standing on the edge of the derrick floor at a time a string of four and one-half-inch pipe was being pulled out of the well when a drilling line broke, which allowed elevator links and traveling block to drop to the derrick floor. One of the links struck insured on the head and shoulder causing severe injuries which resulted in his death March 3, 1936.

Appellant contends for a reversal of the judgment on the ground that according to the uncontradicted evidence the death of the insured is directly traceable to his employment in a hazardous or prohibited occupation. We do not agree with appellant that the occupation in which the insured was engaged at the time of his death was prohibited by its by-laws. The by-law exempts it from

liability in case the insured was engaged in helping a driller in a well at the time he was injured and killed. The insured was not working in a well when injured and killed. It is true he was working as a helper of a driller of an oil well, but this is quite different from working in a well as an assistant to a driller. Had the by-law intended to class as hazardous employment as a common laborer around an oil well it should have said so instead of prohibiting insured from assisting a driller in a well. To prohibit helping a driller in a well means helping one who is drilling a hole in a well in which to deposit explosives to blast out some hard formation. It has reference to open wells which workmen may enter. The plain language of the by-law is unambiguous and really needs no construction. It says what it means. If there was any ambiguity in the language used that might warrant a different construction as to the meaning of the by-law, the construction most favorable to the insured should be adopted. The insured had no voice in the preparation of the by-law. It was prepared or formulated by appellant and should be construed strictly against it as was done by this court in the case of *Sovereign Camp Woodmen of the World* v. *Arthur*, 144 Ark. 114, 222 S. W. 729. In that case a similar provision in an insurance policy to the by-law involved in the instant case was construed as we have construed this by-law. The reasons assigned in that case for the construction given the provision in that policy are sound and convincing.

No error appearing, the judgment is affirmed.